IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GLEN ADKINS, JR.,                         )
                                          )
                    Petitioner,           )
                                          )
        v.                                )        Case No. 23-3235-JWL
                                          )
D. HUDSON, Warden, USP-Leavenworth,       )
                                          )
                    Respondent.           )
                                          )
_____   )

## MEMORANDUM AND ORDER

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he claimed that he is entitled to receive certain additional credits against his sentence under the First Step Act (FSA).  By Memorandum and Order of February 14, 2024, the Court partially denied the petition.  *See Adkins v. Hudson*, 2024 WL 623996 (D. Kan. Feb. 14, 2024).  Petitioner has now filed a motion for reconsideration of the Court's ruling (Doc. # 13).  For the reasons set forth below, the Court **denies** the motion.[1]

At issue here is the FSA's provision that an eligible prisoner (such as petitioner) shall receive 10 days of Earned Time Credits (ETCs) for every 30 days of successful participation in certain programming; but "[a] prisoner determined by the [BOP] to be at a minimum or low risk of recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of [ETCs] for every 30

---

[1]  The Court **grants** petitioner's motion (Doc. # 14) for leave to exceed the page limitation for his motion for reconsideration.

days of successful participation in [EBRR] programming." *See* 18 U.S.C. § 3632(d)(4)(A). In its prior ruling, the Court rejected petitioner's argument that once he received the required second consecutive minimum or low assessment, he should have been awarded retroactively the additional 5 days of ETCs per 30 days of programming for the earlier period when he was receiving ETCs at the 10-day rate. The Court also rejected petitioner's equal protection argument. The Court ordered additional briefing, however, with respect to the issue of the proper trigger date on which petitioner was entitled to begin earning ETCs at the 15-day rate, and the case therefore remains pending.

Petitioner seeks relief from the Court's order pursuant to Fed. R. Civ. P. 60(b)(6), which allows a court to relieve a party from an order for any reason "that justifies relief." *See id.* By this motion, petitioner essentially asks the Court to reconsider its prior rulings. Such a motion for reconsideration must be based on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice. *See* D. Kan. Rule 7.3. Petitioner does not argue that either of those first two bases applies here. Moreover, the Court is not persuaded that it erred in its prior rulings, and it concludes that manifest injustice will not result from the Court's ruling by which it determined the correct interpretation of the FSA. Accordingly, petitioner has not established a proper basis for reconsideration of or relief from the Court's order, and thus the Court denies the instant motion.

Petitioner takes issue with the Court's rejection of his interpretation of the FSA, and he argues that some of the cases cited by the Court were wrongly decided. Petitioner has not offered any persuasive reason, however, why the Court's interpretation, based on the

plain meaning of the word "earn", is incorrect.  Nor has petitioner identified any instance in which a court adopted his interpretation.[2]

Petitioner also argues that the Court should not have alternatively relied on deference to the BOP's interpretation under *Chevron* because respondent did not make that argument.  Petitioner himself raised the issue of *Chevron* deference in his briefs, however, and he therefore did not suffer any prejudice from the Court's proper consideration of the law that governs the issue raised in the petition.

Petitioner also challenges the Court's rejection of his equal protection argument.  He has not explained, however, how the Court erred in its conclusion that petitioner had failed to show how any different treatment of some prisoners was not justified by a legitimate government interest in seeking accurate applications of the FSA.  The Court therefore rejects the motion for reconsideration of that ruling.[3]

Finally, petitioner appears to make arguments directed to the trigger-date issue identified by the Court in its prior ruling.  That issue is the subject of the supplemental briefing ordered by the Court, and petitioner will have the opportunity to make any such arguments in reply to respondent's supplemental response.

---

[2]  Petitioner notes that he has not had access to one case cited by the Court in its ruling.  Regardless, courts have consistently ruled that this Court's interpretation is the correct one, and petitioner has not offered a persuasive reason to support the contrary interpretation.

[3]  Petitioner also appears to take issue with the Court's order by which it granted respondent leave to file a sur-reply brief.  Petitioner did not challenge that order at the time, however, and petitioner was given the opportunity to file – and did file – an additional brief responding to the sur-reply.  Thus, petitioner suffered no prejudice from the additional briefing.

IT IS THEREFFORE ORDERED BY THE COURT THAT petitioner's motion for reconsideration (Doc. # 13) of the Court's partial denial of the petition is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to exceed the page limitation (Doc. # 14) is hereby **granted**.

IT IS SO ORDERED.

Dated this 11th day of March, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

4